UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES ROSS, | ) | NO. EDCV 09-01200 DDP (SS) |
| Petitioner, | ) | **ORDER ADOPTING AND MODIFYING** |
| v. | ) | **FINDINGS, CONCLUSIONS AND** |
| LELAND McEWEN, Acting Warden, | ) | **RECOMMENDATIONS OF UNITED STATES** |
| Respondent. | ) | **MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Amended Report and Recommendation (the "R&R"), and Petitioner's Objections (the "Objections"). After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge, as modified below.

In the R&R, the Magistrate Judge concluded that the Los Angeles County Superior Court adjudicated on the merits Petitioner's ineffective assistance of counsel claims. (R&R at 18-20). Specifically, the Los

Angeles County Superior Court rejected Petitioner's habeas petition by stating, "Petitioner has provided nothing to the Court to suggest that trial counsel acted ineffectively." (Id. at 18-19) (internal quotation marks omitted). A reasonable construction of this sentence could lead to the conclusion that the Los Angeles County Superior Court only adjudicated the deficiency prong of Petitioner's ineffective assistance claims because the superior court did not specifically address the issue of prejudice. Indeed, in Porter v. McCollum, __ U.S. __, 130 S. Ct. 447, 175 L. Ed. 2d 398 (2009), the Supreme Court held that a state court opinion addressing only the prejudice element of an ineffective assistance claim did not adjudicate the deficiency element and therefore the Court applied de novo review to that element. Id. at 452. Similarly, in Rompilla v. Beard, 545 U.S. 374, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005), the Supreme Court held that a state court opinion addressing only the deficiency element of an ineffective assistance claim did not adjudicate the prejudice element and therefore the Court applied de novo review to that element. Id. at 390.

In Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011), however, the Supreme Court explained that it does not matter "whether or not the state court reveals which of the elements in a multipart claim it found insufficient" because the relevant question is whether a "'claim,' not a component of one, has been adjudicated." Richter, 131 S. Ct. at 784. This language in Richter appears to directly conflict with Rompilla and Porter. See, e.g., Childers v. Floyd, 642 F.3d 953, 969 n.18 (11th Cir. 2011) (en banc) ("Language in [Richter], however, suggests that this portion of Rompilla may no longer

2

be good law."). The Ninth Circuit has not yet resolved this apparent tension. The Seventh Circuit has addressed this tension by construing Richter to apply only where the state court decision is "unaccompanied by an explanation." Sussman v. Jenkins, 642 F.3d 532, 534 (7th Cir. 2011) (internal quotation marks omitted).

Based on the current state of the law, it is unclear whether the Los Angeles County Superior Court's discussion of the deficiency element of Petitioner's ineffective assistance claims constitutes an adjudication of only that element of each claim or whether it is an adjudication of the entire claim. Thus, it is unclear whether AEDPA deference applies to the prejudice element of Petitioner's claims. As such, this Court will review the prejudice element of Petitioner's claims under a de novo standard. See Berghuis v. Thompkins, ___ U.S. ___, 130 S. Ct. 2250, 2265, 176 L. Ed. 2d 1098 (2010) ("Courts can . . . . deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petition will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review . . . .").

Even under de novo review, Petitioner cannot demonstrate prejudice from his counsel's performance. As set forth in the R&R, Petitioner cannot show prejudice with regard to Ground One because the evidence of his guilt was overwhelming even without his statements to investigators that Petitioner contends his trial counsel should have moved to suppress. (R&R at 29-31). Similarly, with regard to Ground Two, Petitioner cannot show prejudice because the evidence of his guilt would

still have been overwhelming even if Petitioner's counsel had called an expert medical witness as Petitioner contends his trial counsel should have done. (Id. at 35-36). Accordingly, the Court concludes that Petitioner cannot satisfy the prejudice element of his ineffective assistance claims, even under de novo review.

In his Objections, Petitioner alleges new facts with regard to the deficiency element of his ineffective assistance claim in Ground One. Specifically, Petitioner contends that he was in "custody" within the meaning of Miranda v. Arizona, 384 U.S. 436, 467, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), during his February 5, 2005 interview with Detective Logan at the Loma Linda University Medical Center, his February 5, 2005 interview with Mr. Heard at the sheriff's headquarters, and his February 8, 2005 interview with Detective Logan at the sheriff's headquarters. (Objections at 2-5).[1] Petitioner did not previously challenge his February 5, 2005 interview with Detective Logan at the Loma Linda University Medical Center, but now contends that he was in "custody" during this interview because he was transported to the hospital by Deputy Nunn and "was subsequently escorted to an isolated office inside the medical center where Detective Logan who conducted the interview awaited." (Objections at 3 n.2). These facts alone, however, are not sufficient to demonstrate that Petitioner was in custody during his interview. See, e.g., United States v. Bassignani, 575 F.3d 879, 884

---

[1] Petitioner mistakenly refers to a February 5, 2005 interview by Detective Logan at the sheriff's headquarters. (Objections at 2). The record demonstrates that Detective Logan interviewed Petitioner on February 5, 2005 at the Loma Linda University Medical Center, (Petition at 30-31), and again on February 8, 2005 at the sheriff's headquarters. (Id. at 35-36).

4

(9th Cir. 2009) (finding no custody even though detectives "instructed" the defendant to follow them into an isolated conference room for an interview).

With regard to Petitioner's February 5, 2005 interview with Mr. Heard and his February 8, 2005 interview with Detective Logan, both at the sheriff's headquarters, Petitioner contends that he was in "custody" because he "did not arrive [at] the sheriff's headquarters of his own accord" and instead was "transported to the sheriff's headquarters by an officer of the sheriff's department." (Objections at 4).[2] Petitioner further contends that he felt pressured to give these interviews because Detective Logan told him "that he could be arrested for o[b]structing a police investigation" if he did not cooperate. (Id. at 3 n.3). Again, however, these facts alone are insufficient to demonstrate that Petitioner was in custody during his interviews. See, e.g., United States v. Norris, 428 F.3d 907, 912 (9th Cir. 2005) (finding defendant not in custody even though defendant was "accompanied" by officers to the police station and even assuming the police "threat[ened]" the defendant with a polygraph test).

More importantly, however, Petitioner is not entitled to habeas relief because he cannot show prejudice, even assuming that his trial counsel was deficient and that a motion to suppress Petitioner's statements would have succeeded. As set forth above, Petitioner cannot

---

[2] Petitioner acknowledges that his Petition "misstated" the facts about how he arrived at the sheriff's headquarters. (Objections at 4 n.4).

satisfy the prejudice element of his ineffective assistance claims, even under de novo review, because the evidence of his guilt was overwhelming.

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 5, 2012

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE